# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| **ROY ANTHONY WILLIAMS**<br>      **LA. DOC #433256**<br>**VS.** | **CIVIL ACTION NO. 3:13-cv-2620**<br><br>**SECTION P**<br><br>**JUDGE ROBERT G. JAMES** |
| **WARDEN BURL CAIN** | **MAGISTRATE JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

  Pro se petitioner Roy Anthony Williams filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 on September 6, 2013.  Petitioner is an inmate in the custody of Louisiana's Department of Corrections; he is incarcerated at the Louisiana State Penitentiary. Petitioner attacks his 2000 conviction for second degree murder and the life sentence imposed by the Third Judicial District Court, Lincoln Parish, Louisiana. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §636.

### *Statement of the Case*

  Petitioner was convicted of second degree murder on November 1, 2000; on November 30, 2000, the mandatory life sentence was imposed.  Petitioner appealed his conviction to the Second Circuit Court of Appeals. While his appeal was still pending, he filed a petition for writ of habeas corpus in this court on December 11, 2000. That petition was dismissed without prejudice on March 13, 2001, due to petitioner's failure to exhaust State court remedies. *See Roy*

*Anthony Williams v. Warden*, No. 3:00-cv-2715 at Docs 1 (petition), 6 (Report and Recommendation), and 7 (judgment). His conviction was thereafter affirmed on September 18, 2002. *State of Louisiana v. Roy Anthony Williams*, 35,911 (La. App. 2 Cir. 9/18/2002), 828 So.2d 180. Petitioner did not seek further direct review. [Doc. 1, ¶9(g)]

On September 23, 2004, petitioner filed a *pro se* application for post-conviction relief in the Third Judicial District Court. [Doc. 1, ¶11] His application was denied by the trial court on August 18, 2005. [Doc. 1-2, p. 17-20][1] His application for writs was thereafter denied by the Second Circuit Court of Appeals on procedural grounds on October 11, 2005 [*State of Louisiana v. Roy Anthony Williams*, No. KH 05-40761, Doc. 1-2, pp. 22-23] and then on the merits on January 26, 2006. [*State of Louisiana v. Roy Anthony Williams*, No. 41,085-KH, Doc. 1-2, p.27] On December 15, 2006, the Louisiana Supreme Court denied writs, terminating his first round of post-conviction proceedings. *State of Louisiana ex rel. Roy Williams v. State of Louisiana*, 2006-1165 (La. 12/15/2006), 944 So.2d 1279. [Doc. 1-2, p. 28]

Petitioner filed a second application for post-conviction relief in the District Court on March 19, 2013. He raised a claim of ineffective assistance of trial counsel. His application was apparently denied as untimely and he did not seek further review of the application because it

---

[1] Petitioner claimed among other things that the trial transcript furnished to his appellate counsel did not accurately reflect what was said at trial. The Court appointed counsel to represent petitioner during his post-conviction proceeding and directed counsel to listen to the court-reporter's tapes of the trial and compare them to the complained of transcript. According to the Reasons for Judgment, "At the hearing counsel for the petitioner stated for the record that he had reviewed the tapes on behalf of his client and found them to be consistent with the trial transcript." In denying relief, the Court observed, "Though petitioner maintains that the transcript is not accurate there is no evidence other than his own word to support this allegation. Even appointed counsel has apparently independently reached a different conclusion with respect to the trial transcript. The court finds the transcripts to be reliable therefore petitioner's motions involving their alleged inaccuracies are DENIED." [Doc. 1-2, p. 20]

"... did not qualify under any of the exceptions of La.C.Cr.P. art. 930.8(A) and was due to a misunderstanding of *Martinez v. Ryan*, 132 S.Ct. 1309..."

He filed the instant petition on September 6, 2013. Petitioner apparently concedes that his current petition is time-barred but maintains that he is entitled to equitable tolling. He argues a single claim of ineffective assistance of appellate counsel and further argues, as he did in his first round of post-conviction litigation, that the trial transcripts made available on appeal were altered to his disadvantage.

*Law and Analysis*

*1. Limitations*

Title 28 U.S.C. § 2244(d)(1) (as amended by the Anti-terrorism and Effective Death Penalty Act of 1996 or AEDPA) provides a one-year statute of limitations for the filing of applications for *habeas corpus* by persons, such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[2]

The statutory tolling provision of 28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). However, any lapse of

---

[2] The pleadings and exhibits do not suggest that petitioner may rely upon the reckoning periods established by §2244(d)(1)(B), (C), or (D). Petitioner does not claim any state-created impediments to filing; nor does he allege the recent discovery of the factual basis for his claim; nor does he allege the applicability of new and retroactively applicable Supreme Court jurisprudence.

time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period [see *Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir. 1999), citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir.1998)] and, of course, the limitations period is tolled only for as long as the state application remains pending in the state's courts. *Johnson v. Quarterman*, 483 F.3d 278 (5th Cir. 2007). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner's conviction and sentence were affirmed by the Second Circuit Court of appeals on September 18, 2002. *State of Louisiana v. Roy Anthony Williams*, 35,911 (La. App. 2 Cir. 9/18/2002), 828 So.2d 180. Petitioner did not seek further direct review. [Doc. 1, ¶9(g)] Therefore, petitioner's judgment of conviction "became final by the ... expiration of the time for seeking ... [direct] review" [28 U.S.C. § 2244(d)(1)(A)], on or about October 18, 2002, when the thirty-day period for seeking further direct review in the Louisiana Supreme Court expired. See Louisiana Supreme Court Rule X, Section 5(a). Since petitioner's judgment of conviction became final for AEDPA purposes on October 18, 2002, petitioner had one year, or until October 18, 2003, to file his federal *habeas corpus* suit.

Petitioner filed an otherwise timely application for post-conviction relief in the District Court on September 23, 2004, but by that time the limitations period had already long expired and could not be revived.

In addition, his first round of post-conviction litigation was terminated by the Supreme Court's writ denial on December 15, 2006. *State of Louisiana ex rel. Roy Williams v. State of Louisiana*, 2006-1165 (La. 12/15/2006), 944 So.2d 1279. Thereafter, almost 7 years elapsed un-

4

tolled before he filed the instant petition in September 2013.[3]

*2. Equitable Tolling*

As noted by petitioner, the AEDPA's one-year limitation period is subject to equitable tolling but, only in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999); see also *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). As noted by the Supreme Court, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

Neither unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy or any other reason), ignorance of the law, nor even lack of representation during the applicable filing period merits equitable tolling. *See Turner v. Johnson*, 177 F.3d 390, 291 (5th Cir.1999); see also *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir.1991) (age discrimination case). Petitioner has not demonstrated that "extraordinary circumstance stood in his way and

---

[3] Petitioner is not entitled to tolling during the pendency of his second application for post-conviction relief because it was apparently denied and dismissed as untimely under Louisiana law. See *Pace v. DiGuglielmo*, 544 U.S. 408, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005) (A petitioner's state post-conviction petition, which was rejected by the state court as untimely under state statute of limitations, was not "properly filed," within the meaning of the statutory tolling provision of the AEDPA and thus could not toll the limitations period.)

prevented timely filing." *Mathis v. Thaler*, 616 F.3d 461, 474–75 (5th Cir.2010). The circumstances alleged herein are not extraordinary enough to qualify for equitable tolling under § 2244(d)(1). "Equitable tolling applies principally where the plaintiff is <u>actively misled by the defendant</u> about the cause of action <u>or is prevented in some extraordinary way from asserting his rights</u>." *Coleman v. Johnson*, 184 F.3d 398, 402 (1999), *cert. denied,* 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000), (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996) (emphasis supplied). The pleadings do not suggest that petitioner was "actively misled" nor do they suggest that he was prevented in any way from asserting his rights. Petitioner asserts that his trial transcript was altered to his prejudice, a claim he made without success in the first round of post-conviction litigation. However, other than his self-serving and otherwise unsubstantiated allegation, he offers no proof to establish the claim, nor does he provide a cogent argument as to why the alleged alterations entitle him to equitable tolling of the limitations period.

In essence, petitioner was not diligent with regard to his post-conviction litigation and thus clearly is not entitled to equitable tolling.

### *Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d) and he is not entitled to the benefits of equitable or statutory tolling.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation

to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In chambers, Monroe, Louisiana, November 4, 2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE


to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In chambers, Monroe, Louisiana, November 4, 2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE